IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50671
Summary Calendar
_____

GERALD T. ARMSTRONG,

Plaintiff-Appellant,

versus

VICTOR RAUL RODRIGUEZ,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CV-637
- - - - - - - - - -
October 30, 1997
Before WIENER, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gerald T. Armstrong (#1045673), a state prisoner, has applied for a certificate of appealability ("COA") authorizing an appeal from the dismissal of his petition for a writ of habeas corpus. COA is DENIED as UNNECESSARY. See Green v. Johnson, 116 F.3d 1115, 1119-20 (5th Cir. 1997).

Armstrong contends that retroactive application of Texas's mandatory supervision statute, see Tex. Code Crim. Pro. art.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

42.18 (West Supp. 1997), violated the Ex Post Facto Clause. Armstrong contends that he was improperly forced to accept special release conditions such as sex-offender treatment and supervision fees and that he had been repeatedly incarcerated because he had breached those conditions. Armstrong argues that he initially asserted his claim in a civil rights action and would not have recast it as a habeas claim if he had not been ordered to do so by the district court. Armstrong also contends that retroactive application of a Texas Department of Criminal Justice ("TDCJ") policy prohibiting restoration of good-time credits also violated the Ex Post Facto Clause.

The district court did not abuse its discretion in dismissing this claim as successive under Rule 9(b) of the Rules Governing Section 2254 Cases. See Duff-Smith v. Collins, 995 F.2d 545, 546 (5th Cir. 1993). Relief may not be had on the restoration-of-good-time-credits issue. See Hallmark v. Johnson, 118 F.3d 1073, 1079-80 (5th Cir. 1997). The district court's judgment is

AFFIRMED.